*MHN*

## IN THE UNITED STATE DISTRICR COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS- EASTERN DIVISION

**Quinshela Turner**

      Plaintiff,

  vs.

**Judge Deborah M Dooling** individually and ) in her official capacity
**Judge Diane J, Larsen**, individually and in her official capacity
**Judge Donald O'Brien**, individually and in his official capacity
**Judge Irwin solganick**, individually and in his official capacity
**Judge William maddux**, individually and in his official capacity
**Querre & Harrow. Ltd**, et. Al.
**Stamos & Trucco LLp.** et al.
**Swanson Martin & Bell**, et. Al.
**Dykema Gossett PLLC** et al.

      Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**08CV4242**

**JUDGE KENDALL**

**MAGISTRATE JUDGE NOLAN**

VERIFIED COMPLAINT — — — — — —

JURY DEMAND

All Fact Are To Be Trial By 7 Amendment Common Law Jury

**RECEIVED**
7- 25-2008
JUL 2 5 2008  T C
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

---

### VERIFIED COMPLAINT

### JURISDICTION BASIS

    1. Quinshela Turner (Turner"), claim federal jurisdiction pursuant to Article III section 2 which extends the jurisdiction to the case arising under the U.S constitution.

    2. Turner, bring this suit pursuant to Title 42 U.S. Code section 1983 for violation of certain protections grantee to her by the First, Fifth, eight, ninth and fourteenth amendments of the federal constitution, 42 U.S.C 1985(3) whose immunity does not extend to conspiracy under color of law( 1985(3) reaches both conspiracies under color of law and conspiracies effectuated thought purely private conduct Which deprived Turner a Pro-se litigant of rights secured under the Constitution and laws of the United States; for conspiring for purpose of impeding and

WHEREFORE,  –

hindering the due course of justice, with intent to deny Turner equal protection of laws; and 42 U.S.C.1986 action for neglect to prevent for refusing or neglecting such deprivation and denial to the plaintiff., 42 U.S.C.1985 conspiracy to interfere with Civil Rights., 42 U.S.C.1986 action for neglect to prevent., and Title 28 Section 453, for failure to uphold the Unites State Constitutions,

3. This court has jurisdiction over this action under 42 U.S.C. section 1983,1985,1986, 18 U.S.C.241 ,242., and 28 U.S.C. 453. and obstruction of justice.

4. Turner reserve all her rights to later present any documents in support her suit.

### Demand and for Trial By Jury

5. Plaintiff demands that the federal rules of Civil Procedure, Rule 1, Scope and Purpose of Rules, shall govern this action and the plaintiff shall preserve Inviolate, her right of trial by jury under Rule 38, and Right of discovery disclosures without request prescribed under Rule 26, concurrent with defendant's Answer pursuant to Rules 7(a) and Rule 8 (b) with no other pleading allowed except upon order of the Court under ground provided by law The Jury shall decide all issues including immunity and shall decide upon all claim in this suit.

6. The seventh Amendment Provides in pertinent part that " In suit at common Law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be reserved...

7. Turner Demand a 7 Amendment Jury Trial.

### 8.   **PARTIES**

9. The Plaintiff is a citizen and resident of the City of Chicago, state of Illinois and the united States of American

10.   Defendants are judges in the Circuit Court of Cook County, City of Chicago, state of Illinois, at all time relevant to this suit.

11.    Defendant **Judge Deborha M. Dooling**, ("Dooling") was a Judge (within the Law division), on July 26, 2007, for Circuit court of cook County at all time relevant to this complaint. who determine the eligibility of indigent pro-se litigant application to sue as an indigent person.

12.    Defendants, **Diane J. Larsen** ("Larsen") ( was the Presiding a Judge over the Plaintiff case 07 L 7806 (in the law division) for Circuit court of cook County at all time relevant to this complaint.

13.    Defendant, Judge **Donald O'Brien**,JR,("O'Brien) was a Judge for Circuit Court of Cook County , who was a judge from another division of the circuit court, whom the law firm Stamos & Trucco LLp conspire with to enter an order outside his division and jurisdiction in case 07 L 7806.in an ex-parte communication.

14.    VIII. Defendant Judge **Irwin J. Solganick**,("Solganick") was a Judge within the law department for Circuit court of cook County at all time relevant to this complaint, who determine the eligibly of indigent litigant application on December 21, 2007. Judge Solganick, determine that Turner was eligible to proceed without payment of court fees pursuant to 735 ILCS 5/5-105(2). However, after Judge Solganick read the allegation Turner allege against Judge Larsen in her Notice of appeals. (Turner filed Several notice of appeal). In violation of 732 ILCS 5/5-105.5(e) application to sue or defend or proceed with the case should not be determine on the merit of the case. Judge Solganick act outside his jurisdiction and acted in his personal individual capacity, to protect the interested of Judge Larsen, and to retaliated against the Turner for standing up for her constitutional rights against judge Dooling, and Judge Larsen, Judge Solganick intentionlly violating his oath of office to act impartial, failing to apply and abide by the law, by, denying the pro-se Turner application to proceed with her suit on appeal

WHEREFORE, –

without payment of fee. 735 ILCS 5/5-105.5(e), that states " a application shall not be basic on the merit of the case." Judge Solganick basic Turner application on the merit of the case in violation of 735 ILCS 5/5-105(e).

15.    Judge Solganick Block  Turner from obtaining the court record to file in the court of appeal. In addition Judge Solganick instruct the clerk of the court not to allow the Plaintiff to make defer payment as the court usually dose.

16.    Defendant **Judge William madduxx** ("madduxx"), was the Chief judge over the law division  for Circuit court of Cook County at all time relevant to this complaint. who also is over all the judge with in the law division.  Judge Maddux knew or should have know that of the criminal activity of the judges name in this suit, under his supervision, were operating out of their jurisdiction in their individual person to obstruct justice and accountability.  Judge Maddux knew or should have know that judge Larsen were in violation of both state and federal and that his order was basic on  void orders. In violation of constitutional rights. Making orders without jurisdiction

### The Requirement of Judges

17.    Article VI, clause 2, of the United State Constitution , states in pertinent part, that "all executive and judicial Officer , both of the United States and of Several States shall be bound by oath or affirmation , to support the constitution of the United State.

18.    The act of any judge to violate a person's First, Third , Fifth and or Fourteenth Amendment Rights, or Due Process Rights, or to permit such violation to occur, is an attack upon the constitution and is a crime. Turner assert that her First Third, fifth and or fourteenth Amendment Rights, or due process  has been violated.

19.    The thirteen Amendment Provides in pertinent part the " neither slavery no involuntary servitude except a punishment for crime shall exist within the United States or any place subject to their jurisdiction"  These judges through their private conduct in conspiracy with the lawyer defendants caused the court to effectuate Turner to compulsory involuntary servitude'[ and act punishable under Title 18 15 84 as a criminal act

20.    The defendants constitute an illegal enterprise in acts or t

21.    A judge has lost jurisdiction when a litigant's due process rights have been violated the judge has evidenced his/her partiality when he /she deprives and litigant of constitutional due process rights and has violated the litigant first Amendment right to an impartial judge.

22.    Turner due Process right have been violated and all the judges have evidence their partiality and deprives Turner of constitution rights.

23.    Some of the Defendants are Illinois Circuit Court of Cook County judges, are Require to take the same oath of 705 ILCS 205/4, but also take a second oath under 705 ILCS 35/2 to support the United State and the constitution of State of Illinois These judges violated their oath

24.    Turner were adversely effected by both the Defendant attorneys Law firm and Judges violation of their oath, in excess of their lawful authority in case 07 L7806 pursuant to 720 IlCS 5/33-3 (c )west 1994. with intent to obtain a personal advantage for himself or herself and others, and denied Turner constitutional rights.

25.        **LAW FIRM DEFENDANTS Parties**

26.    The Other Defendants are Illinois Law firms/Attorneys that represent Jackson Park Hospital et al and several Doctors in the case 07 L 7806 and judge Larsen in the same related case in the Circuit Court of Cook County.

27.    **Querre & Harrow. Ltd** is a Law Firm that represent Jackson Park Hospital et al in case 07 L7806 and Unlawful represent, the Presiding judge Larsen in the same related case pending before the court at the same time. **Stamos & Trucco LLp** is the law firm that represent one of the Defendant a doctor D Mufuka case 07 L 7806 , and Pr Unlawful represent,

the presiding judge Larsen in the same related case pending before the court. . **Dykema Gossett PPLC** is a law firm that represent one of the defendant a Doctor. Jeffery P Cullen in case 07 L 7806 and Unlawful represent, the presiding judge Larsen in the same related Case pending before the court. **Swanson Marton & Bell** is a law firm that represent two of the defendants doctors Michael Wilcsnski, and Peter Kucharski . In case 07 L 7806 and Unlawful represent, the Presiding judge Larsen in the same related case pending before the court.

28.    The Presiding judge and the attorney/law firm attoneys conspire together against Turner.  to deprive Turner of constitution rights under color of law.

29.    Instead of rescue her self on October 15, 2007 Judge Larsen unlawfull delegated a judges obligation to  Law firm attorneys, and the law firm attorney knowly preform duty in violation of the law.

30.    42 U.S.C. SEC 1983 states " every person who under color of any statue ordinance regulation custom, or usage of any state or territory of the district of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of rights privileges, or immunities secured by the Constitution and laws, shell be liable to the party injured in any action at law suit in equity , or other proper proceeding for redress.  For the purposes of this section any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statue of the District of Columbia.

31.    Dykema Gossett PPLC,  Swanson Marton & Bell,   Stamos & Trucco LLp  and Querre & Harrow. Ltd  engage in conduct involving dishonest fraud deceit or misrepresentation . Rule 8.4(a)(4) states that: a lawyer shall not engage in conduct involving dishonesty fraud  deceit or misrepresentation

32.    The above name attorneys of the law firms in this suit had  also structure a strategy to obstruct justice by  evading  compliance by modeling it internal organization as a hucksters 'shell  so that no matter which as person Turner sues, the Law firm may reply that some one else is responsible. that the responsibility person and entity can avoid being sue. Attorneys of the name law firm has conspire to arranging laws to prevent mean of producing enforcement of

judgment an a lawsuit, these officers of the court and had violated their oath of office pursue to

705 205/4 to support the constitution of the United State the State of Illinois.

Unlawfully representing both Judge Larsen and their clients in the same related case 07 L 7806

against Turner.

Judicial records provide prima facie evidence of corrupt acts by

cook county circuit court judges and attorney of the law firm

Dykema Gossett PPLC,   Swanson Marton & Bell,   Stamos & Trucco

LLp  and Querre & Harrow. Ltd.

33.   Plaintiff assert that all the Defendants judges named in this case were in Violation

of Supreme Law Of the Land . The operation of every judgment must depend on the power of

the court to render that judgment These judge engage in violation of not only Illinois Laws but

constitution Law and constitution protection rights of the Plaintiff.

34.   The judges committed fraud upon the court with the attorneys/ of the above name

law firms, so that the judicial machinery can not perform in the usual manner it impartial task of

adjudging cases that are present for adjudication  Kenner v C.I.R., 387 F. 3d 680 ( 1968); 7

more's Federal Practice 2d ed., p. 512, section  60.23,   where decision was a product of fraud.

7th circuit stated " a decision produced by fraud upon the court is not in essence a decision at all

and never become final".

35.   Pursuant to 18 U.S.C. sect 4, the  Judges aided and abetting criminal activities

Obstruction of justice,  violation of civil  and constitution rights.

36.   Judge Larsen Lost Jurisdiction over the case  on October 4, 2007 when the Turner

file a Motion for  substitution of judge for cause.  Judge Larsent but proceed with the case

without jurisdiction.

Turner assert that Judge Larsen, Judge, Judge Dooling, Judge O'Brien, Judge Solganick and

Judge Madduxx   fail to abide by the law, operating in their personal capacity, violated Turner

Constitution Rights did not act impartially to the Pro se Turner, *Supreme Court No 96-6133 (June*

*9, 1997),* engage in fraud committed in and out of the  procurement of jurisdiction, as well as fraud

upon the court, making it impossible for Turner to receive a full and fair hear and jury trial, and

wrote  void orders or judgments  in violation of the law to obstruct justice and cover up criminal

activities,  exceeded their statutory  authority,  did not follow statutory procedure ( Armstrong V

Obcino, 300 Ill  and did not comply with  the rules local of the circuit court of cook county,

where these judges appear to be involved in a scheme of bribery with the attorney/law firm

having ex parte communication, failing to give  Proper notice  to Turner  intentionally writing void

orders and judgment  base on a void orders/ judgment to cover-up the corruption,  discrimination

and constitutional violation where there were no lawful authority to act in the cause.  .

37.    Both Illinois attorneys and Illinois State Judges take a oath pursuant to  705 ILCS

205/4, and the  judge a second oath pursuant to 705 ILCS 35/2  to support the Constitution of the

United States and the Constitution of the State of Illinois, the Judge oath further states, that

she/he will faithfully discharge the duty of a judge of the circuit court,   these judges fail their

duties.  and violated their oath of office .

38.    Turner assert that the  Attorneys/ Law firms fail  to comply with their oath pursuant

to 705 ILCS 205/4. intentionally engage in obstruction of justice to denied constitutional rights

and due process of Turner.

39.    The Plaintiff assert that defendants judges fail to comply with his/her oath  pursuant

to 705 ILCS 35/2.  The Defendant judges engage in commiting fraud before a tribunal, in an

action to deceive the court, failing to perform there judicial duties. by acting where he/she does not have jurisdiction to act.

40.    The Judge is not the court: a judge is under law and officer of the court, and must not engage in any action to deceive the court. These Judges acted as trespasser of the law.

41.    The Illinois Supreme Court state that when the Circuit Court power to act is contro9lled by statue, the Circuit Cour is governed by the rules of limited jurisdiction and must proceed within the statue structures, Any action taken by the Circuit Court Judge that exceed it jurisdiction is void and may be attack at any time

42.    When Judges act when they do not have jurisdiction to act, or they enforce a void order ( an order issued by a judge withour jurisdiction) , and in case 07L 7806,   the judges become trespassers of the law anr are engaged in treason , When judge as in case 07 L 7806does not follow the law the judge loses subject-matter jurisdiction and judges order are void, of no legal force or effect.

43.    When a State officer act under a State Law in a manner that violative of the federal Constitution, he/she " comes into conflict with the superior authority of the constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States " By Law a judge is a State officer   The judges then acts not as a judge but as a private individual ( in his person ).

## SUIT AGAINST JUDGE DOOLING

44.    On July 26, 2007, pursuant to 735 ILCS, 5/5-105,(2)and Illinois Supreme Court Rule 298. Plaintiff file an application by affidavit demonstrating an inability to pay court fee. Judge Dooling determine that the Plaintiff was eligible to sue and defend as a indigent person

WHEREFORE,  -

pursuant to 735 ILCS 5/5-105(2). In violation of 732 ILCS 5/5-105.5(e) Judge Dooling act

outside her jurisdiction and acted in her personal individual capacity, violating her oath of office

to act impartial, failing to apply and abide by the law, by denying Turner application to sue

against Jackson Park Hospital et al. because Turner was acting Pro-se, denying Turner

application on the merit of the case in violation of 735 ILCS 5/105.5(e), that states " a

application shall not be basic on the merit of the case."

    45.    Judge Dooling was bias and Prejudice denied Turner application because the

Plaintiff was acting Pro-se un-represented by an attorney. Dooling abuse her discretion with

intent deny to obstruct justice and protect Jackson Park Hospital et al from accountability.

### CONSTITUTION RIGHT TO FILE A LAW SUIT PRO-SE

    46.    The right to file a lawsuit Pro-se is one of the most important rights under the

constitution and Laws., ( Elmore V Mc Cammon ( 1986) 640 F. Supp. 905, 911). This right was

denied by Judge Dooling. And the Constitution grantee equal protection of the law. This was

not afforded Turner.

    47.    No judge is suppose to act as a judge and advocate for either party. Not only did

Judge Dooling, act as judge and advocate for Jackson Park Hospital et al when she denied

Turner's application on the merit of the case. but treated Tuner difference because she was acting

Pro-se

    48.    Judge Dooling act out side her jurisdiction, thereby violating the Plaintiff

constitution rights by, taking a departure from normal procedure and began proceedings with

herself as inquisitor and defense lawyer, as opposed to the adversarial method of allowing parties

or their attorneys from both sides arguing the case.

49.    Judge Dooling make a credibility determination, basic on her own description of the case in violation of 735 IICS 5/5-105(e) she determine that the Pro-se Plaintiff has no rights to file her lawsuit. Credibility determination are those of a jury not of a judge,

50.    Thought out this case The Plaintiff has been adversely effected by the Judge Dooling behavior where the plaintiff has been denied constitution rights for challenge and shining light on Judge Dooling operating outside of her authority and jurisdiction. ( where Judge protecting other judges)

Judge Dooling was bias and prejudice, against the Pro-se Plaintiff because she was acting pro-se. Judge Dooling knew or should have known that she has was operating out of her jurisdiction when she denied the plaintiff application on the merit of the case. pursuant to 735 ILCS 5/5

51.    The law require That the judge know the law and apply the law. The law also require that a judge be impartial Judge Dooling was not impartial to the pro-se Turner, Judge Dooling was acting as both judge and advocate for Jackson Park hospital et al As a result of JudgeDooling violation, the Turner experience unlawful action from other judges within and out of her law division who abuse also operation outside of their jurisdiction to retaliate against the Pro-se Turner for challenging Judge Dooling decision. The Turner was denied due process of the law and equal protection of the law, in violation of the Turner first, fifth and fourteen and Seven Amendments of the constitution of the United Stated and 42 U.S. C at 1983. and access to the Court. Therefore the Turner bring her suit against Dooling for $50.000.00 in her judicial capacity and $50.000 in her individual

Capacity .    Turner was later retaliated against for challenging Judge Dooling

unlawful decision as further out line.

## Judge Larsen

52.    Judge Larsen became the Presiding Judge in case 07 L 7806  within the same law

division as Judge Dooling,  Judge Larsen display zero tolerance the Turner acting

pro-se.

53.    . Turner was force to  file  her own Malpractice Law Suit, Pro-se against The

Defendants Jackson Park Hospital et al and several Doctors  in case 07 L 7806.

after Turner  attorneys  breach their contract without any explaination leaving

Turner only 33 day to file her suit, before the statue of limitation expire.  No other

attorney could take the case, on  such short  notice , Turner was unable get the

profession help of another attorney.    Turner is unskilled in  legal matter and have

to learn as she go,  The violation of Turner constitution rights by the circuit court

judges who do not favor Pro-se made  a difficult situation impossible,  On the same

day of filing her suit,  Turner  also file , (1) request for  Emergency Protective

Order, (2) Petition for Discovery Pursuant to Supreme Court Rule 224 and (3)

Plaintiff requested an examination and copy of the hospital and physician records

pursuant to 735 ILCS 5/8-2001 to 2004, these issue were to be resolve before

litigation began. Turner petitition for documents and  proper identification  of the

defendants  that  were intentionally ignore by Judge Larsen.      . Jackson Park

hospital et al did not product the medical records within the 60 day as require by**735**

**ILCS 5/2-622** . And Judge  denied the petition for discovery   and the emergency

protective order, and all other Motion Turner file. At the first hearing on

September 28, 2007.

54.    Judge Larsen operated out of her jurisdiction to protected the interested of

Jackson park hospital et al and the defendant attorneys who had defaulted do to the

summon.   All defendant in case 07 L 7806 was properly summon by the sheriff

department of cook County, pursuant to **735 Ilcs 5/2-202-203.**   All the defendants

has defaults, and failed to timely file an appearance pursue to **Sup CT Rule 181,**

with in the 30 days, or fail to file an answer as prescribe by **735 IICS5/2-610.**

55.    . Judge Larsen impose her own rules under the pious principle for proper

administration of the court , that in fact have very little to do with the administration

of the court and said rule are in fact primarily convoluted designed and invented to

bias litigation to exploit justice for the enrichment of the defendants and their

attorneys in case 07L 7806.

56.    Turner have been denied the right to equal protection under the law. Turner has

been denied the right to due process of law,  Turner have been denied constitution

rights. Turner has been discriminated against as pro-se litigant  Denied an impartial

judge.  And denied access to court and court records,.  The Judges name in this suit

has  obstruct justice due Process and accountability. for the benefit of the **Dykema**

**Gossett PPLC, Swanson Marton & Bell,  Stamos & Trucco LLp** and **Querre**

**& Harrow. Ltd** who comittecd fraud. to obstruct judtice  for their client ,

Jackson Park Hospital et al and several doctors.

**Exceeded Lawful Authority**

57.    . Judge Larsen, Judge Solganick , Dooling, O' Brien and Maddux had demonstrated to Turner, being black and pro-se is not favor, and will not be allow her to proceed in equal form.    Judge Larsen , Judge Dooling, Judge Solganick, Judge O'Brien and Judge Maddux,were prejudice, operated in their individual capacity under the color of law, with the to prevent Turner from proceeding with her suit. And attempted to make a void order valid. No Judge can confer jurisdiction where none existed and can not make a void order valid. Turner's suit imposing the authority under Art. V for accountability, has been offensively obstructed by a hostile 5 Circuit Court judges. in cohorts acting in conflict, in controversy offensive to the constitution and Due process rights. Even though Turner is not skill in the art of legal matter Turner know when certain constitution right of her has been violate. Turner could not defend against the 5 Circuit Court Judges and the defendants and attorneys/Law firm at the same in the same related case. 07 L 7806, join together against the Pro-se Turner. Specifically when the judges with the power block every path before Turner proceed, for the benefits of the defendants and their attorneys and to protect each other.

58.    Judge Larsen Turner denied a court free from conflict bias and prejudice..

## RULE AGAINST THE LAW AND FACTS

59.    Turner Assert the Judge Larsen rule against the law and against the fact where the judge Larsen intentionally granting a dismissal under 2-619,and 2-615 without an affidavit attach, a 2-619 require an affidavit, to all the defendants that has defaulted due to failure to answer the summon . Judge Larsen granted the

defendants, as a sham pretending that Turner was not in compliance because she

was acting pro-se , Judge Larsen knew that Turner was in compliance with 735

ILCS 5/2-622(3), that Turner had filed an Sworn Statement in lieu of an Affidavit ,

Turner has also file for a Default judgment before Judge Larsen rule on the

defendant dismissal. Judge Larsen intentionally and deliberate ignore all of

Turner's motion and documents. Judge Larsen dismissal was base on bias and

prejudice toward Turner because she was act pro se. Judge Larsen treated Turner

difference from Litigants represent by attorneys. Some of the defendants attorneys

did not have to file a appearance or file a motion with the court on behalf of their

client, because judge Larsen were was acting as both judge and advocate for

Jackson Park hospital et al to give them special privilege, and denied those same

privilege to Turner.

## BIAS AND PREJUDICE

60.    Turner assert that Judge Diane Larsen and Judge Deborah Dooling and Judge Irwin

Solganick, O'Brien and Maddux are all bias and prejudice toward Pro se Turner,

they intentionally and deliberately violated their oath to support constitution and

exceeding their jurisdiction. to prevent accountability and due process and to

protect the interested of the defendants and their attorneys. to denying equal rights

to Turner, and to discourage Pro-se litigation.

## FRAUD UPON THE COURT

61.    Turner assert that Judge Larsen, Judge O/Brien Judge Maddux Solganick and

Dooling committed fraud upon the court in concert with the Defendants Attorneys

WHEREFORE, –

who they appear to be obligated politically and privately to serve the private

interest of the defendants and their attorneys et al .

### Procedural Due Process Requirement

62.    Under both federal and Illinois Law, "at a minimum, Procedural due process

requires notice an opportunity to respond and a meaningful opportunity to be heard,

that was denied Turner/ Judge Larsen engage in acts in violation of due process ,

Judge Larsen knew that the defendants attorneys has default and Knew that her

orders of September 28,, October 1, and October 15, 2007 was design to protect the

interested of the defendants attorneys base on false and misleading and deception

practice. A judge lose jurisdiction when a judge make an order base on fraud all

Judge Larsen orders were base on fraud .

### TURNER WAS IN COMPLIANCE WITH THE STATUE

63.    Judge Larsen knew that Turner did not need to amend her complaint to attach a 2-

735 ILCS 5/2-622 affidavit, because had Turner file an Sworn statement in lieu of

and affidavit as prescribe by 735 ILCS5/2-622 (3).before the Judge Larsen has rule

on the defendants Motion to dismiss on September 28, 2007. even if the defendant

had not been in default there motion for a dismissal were not support by fact that

would justified a dismissal and Turner should have been allow to respond before

any action was taken.    The order of September 28, 2007 to amendment was to

cover up the fact the defendant had defaulted.    Judge Larsen allow the defendants

attorneys to present their motion in open court, a copy of their motion has not been

served on the Turner.    The First hearing for case 07 L 7806 was held on September

28, 2007, before presiding Judge Diana J Larsen who act as both Judge and the

defendants attorneys. Judge Larsen knew that all the defendants Jackson Park

Hospital et al and several Doctors has defaulted and that Turner has file an Motion

for a Default Judgment with an Affidavit on September 24,2007 against all,

Jackson Park Hospital et al and several Physician who had defaulted do failure to

properly answer the summon.

64.    Because Judge Larsen were acting as both Judge and counsel for the Jackson Park

Hospital et. al, and several doctors and protecting their attorneys in case 07 L

7006. <u>did not</u> and <u>fail to</u> file a timely appearance , answer or plead, to Turner

complaint.

### A MOTION TO DISMISS IS NOT AND ANSWRER OR PLEAD

65.    Judge Larsen knew that a Motion to dismissal is not an answer that he first
documents the Defendants must file , is an answer or Plead to the Plaintiff
Complaint, Pursuant to……….. 735 ILCS 5/2-610) (from Ch. 110, par. 2-610) Sec.
2-610. Pleadings to be specific. (a) Every answer and subsequent pleading shall contain an
explicit admission or denial of each allegation of the pleading to which it relates.

(b) Every allegation, except allegations of damages, not explicitly denied is admitted,
unless the party states in his or her pleading that he or she has no knowledge thereof
sufficient to form a belief, and attaches an affidavit of the truth of the statement of want of
knowledge, or unless the party has had no opportunity to deny.

(c) Denials must not be evasive, but must fairly answer the substance of the allegation
denied.

(d) If a party wishes to raise an issue as to the amount of damages only, he or she may
do so by stating in his or her pleading that he or she desires to contest only the amount of
the damages.

66.    The Defendant attorney Law firm did not have to Plead or answer as require by 735 ILCS
5/2-610) (from Ch. 110, par. 2-610) (a)(b)(c)(d), because Judge Larsen violation her oath
operated of her jurisdiction in her personal capacity to protect the interest of the
Defendants and their Attorney to cover up the fact that the defendants/attorney Law firm
had Defaulted and has fail to Plead or answer as require by 735 ILCS 5/2-610.

WHEREFORE, –

67.     Attorneys/law firms representing Jackson Park Hospital et al and several

Physicians were not require to show cause why they had defaulted. nor were they

require to present an affidavit as require by 2-619. all the defendants and their

attorney were allow to operate above the law. J  Also Jackson Park hospital et al ,

attorney/ Law firm , **Querre & Harrow. Ltd.** were allow to practice before the

court on October 1, 2007 without having to file an appearance in violation of the

law. Judge Larsen act as thought she appointed to server the intrest of Jackson Park

Hospital et al with their attorneys. Ever person must file an appearance before

practicing before the court. not the attorney representing Jackson Park Hospital et

al.

68.     The attorney for Jackson Park hospital et al and the Physician attorneys were given

special privilege . In open court in case 07 L 7806 on September 28, 2007,  Law

firm attorneys Dykema Gossett Pllc and Swamson, Martin & Bell,LLP' and stamos

& Trucco present a motion to dismiss in open court without an affidavit, after their

clients had defaulted. the Defendant's attorney /law firm had not serve a copy on

Turner, none of the defendants or their attorney/law firm had not file an timely

answer or Plead to plaintiff complaint.

69.     Judge Larsen Rush to rule on September 28, 2007 to Protect the Defendants and

their Attorney/law firm and dismiss the defendants before the time to object has

expire. Under federal and Illinois law "At minimum, procedural due process

requires notice, and opportunity to respond, and a meaningful opportunity to be

heard".

70.     Under the supreme Law of the Land, a judge has a duty to and has not discretion not

protect the constitution rights of all parties before the Court Upon the state courts,

equal with federal courts rests the obligation to guard and enforce every right

secured by the U.S. constitution. Judge Larsen fail to protect the constitution right of

Turner. and operated out of her jurisdiction.

71.     Jackson Park Hospitl et al,  nor it's attorney/lawfirm , **Querre & Harrow. Ltd**

were not present on September 28, 2007  they  had not file an appearance or answer

or plead.

72.     On September 28, 2007. Turner  inform Judge Larsen that the dismissal Motion

presented by Law firm attorneys Dykema Gossett Pllc and Swamson, Martin &

Bell,LLP' and stamos & Trucco  was improper (1) because she had not receive a

copy of  the motion to dismiss,     and the attorney admitted they has not mail

Turner a copy of their motion to dismiss.   Turner request time to read  and  respond

to the defendant motions, that was denied by Judge Larsen, (2)  Turner inform the

judge Larsen,  that Turner had file a sworn statement in lieu of an affidavit as

prescribe by 735 ILCS  5/ 2- 622(3) , therefore  the defendant motion to dismiss

basic on  2-619 and 2-622, was without merit. Because Turner had file a sworn

statement in lieu of an affidavit  Judge Larsen ignore Turner. (3)  Turner also

inform Judge Larsen that Turner had file a motion for a default judgment on

September 24, 2007.   Protecting the Defendant from having to respond to any of

Turner Motion,  judge Larsen abuse her discretion  to cover-up the default .

73.     In Open court,  On September 28, 2007, because the Turner were

acting pro-se,     Judge Larsen instruction the  attorney/Law firm

attorneys Dykema Gossett Pllc and Swamson, Martin & Bell,LLP'

Stamos & Trucco to hand the Turner a copy of their motion to
dismiss that had no affidavit in violation of 735 ILCS 5/ 2-619.
immediate  after handing Turner a copy of their motion to dismiss
in open court  Judge Larsen dismiss the defendants, without
affording Turner an opportunity to respond, Because Turner was
acting pro-se.      Judge Larsen display that litigant acting Pro-se
is not favor.    Judge Larsen ignore all of Turner  motions that
Turner filed including  Turner affidavits because the Plaintiff was
acting pro-se. it was obvious that Judge Larsen has personal stake
in the case.

74.     The Law Firm Swamson, Martin & Bell,LLP' has not file their motion to dismiss

with the court before presenting  their motion in open court. in violation of the law.

Turner brought  that matter to the attention of Judge Larsen who ignore the Turner

because she was acting pro-se.       Judge Larsen knew that all motions must be file

with the court before she can rule on that motion. Judge Larsen intentionally misuse

her position

Judge Larsent  Knew  that WHEN A DEFENDANT HAS DEFAULTED THAT
DEFENDANT HAS VAIVED HIS RIGHT TO AN AFFIRMATIVE DEFENSE BECAUSE IT
WAS NOT WAIVE IN A TIMELY MANNER.
   **Pursuant to 735 ILCS 5/2-1301(D) WEST 2002 Judge Larsen by law was require to
enter a judgment of default against the defendants for want to appearance or failure to
timely plead.**
75.     After the  law firms attorneys hand the Turner their copy  of their motion to dismiss

in open court, Judge Larsen rule on the motion on that same day September 28,

2007. denying  the Turner an opportunity to  respond,  demonstrating  that her duty

were to protect Jackson Park Hospital et al and  several  Doctors  and their

attorneys.

76.     On that same day,   September 28, 2007 Judge Larsen allow the Stamos

& Trucco Lllp to write her order, and they wrote the order to their

advantage, setting up the case up for failure and covering up
the fact that all the defendants in case 07 L had defaulted.

77.  The Law firm Attorneys motion to dismiss they present were base on **735 ILCS 5/2-622** were without merit because on September 24, 2007 Turner had file a Sworn Statement in lieu of an affidavit pursuant to **735 ILCS 735 ILCS 5/2-622 (e)**. before judge Larsen had rule on the Defendants motion to dismiss on September 28, 2007. Turner file in court and serve all the defendants her motion for Default Judgment with affidavit, certificate of default, and money award on September 24, 2007 upon all the defendants.

78.  Judge Larsen knew that Dykema Gossett Law firm Represent <u>Jeffery P. cullen</u>, Stamo& Trucco Law firm Represent Represent –<u>A.mufuk</u>, and Swanson Martin& Bell- Law firm represent Michael Wilcsynski Md and Peter c Kuchaski, were in default when they present a motion to dismiss base on 735 ILCS 5/2-622, on September 28 in open court, . Judge Larsen knew that Plaintiff was in compliance and had file a motion for a default judge ,etc.

79.  In fact, in Swanson Martin & bell LLp present an unfiled motion to dismiss, which clearly state " I(swanson Martin & Bell) served a copy of the foregoing motion to dismiss to Quinshela Turner 8051 S. Dorchester Chicago IL., 60619-3434 and attorneys of the records by personal service in open court on September 28, 2007,".

80.  Judge Larsen intentionally except the Swanson Martin & Bell LLP motion in open court and rule on Swanson Martin & Bell LLP motion to dismiss on the same day September 28, 2007, before the time expire for the Plaintiff to object and respond .

WHEREFORE, –

81.  Judge Larsen  Disregarding the fact, that the plaintiff has file a  sworn statement in lieu of an affidavit on September 24, 2007.   their motion to dismiss was without merit.  Judge Larsen disregarded the Pro-se Turner and all the document and motion before her in the file.

82.  Judge Larsen misuse her authority  to protect the interested of the Jackson Park Hospital and the doctors and the attorneys/law firm that represent them,  Judge Larsen knew that if she has issue a default judgment according to the law, and statue, the Defendants Jackson Park Hospital et al my  would have sued the attorney/ law firm for negligent legal malpractice,  (failing to file a timely appearance  and answer or plead on their behalf). Larsen misuse her position to protect the attorneys / Law firm.  Because the Plaintiff were acting Pro-se

83.  Judge Larsen knew that the defendants, that had default has no standing to be granted a dismiss. .

84.  Judge Larsen knew that she abuse her authority  to protect the defendant and their attorneys from accountability. And violated the Plaintiff constitution protected rights.

85.  Judge Larsen knew that all the defendants attorneys has not motion for a dismiss. but all were dismiss, because the Turner was unrepresentative acting pro-se and Judge Larsen were acting as both judge and attorney for the defendants  the judge abuse her authority and was bias and prejudice toward the  pro-se Plaintiff.        .

86.  On September 28, 2007 at the first hearing,  Stamos & Trucco LLp wrote the order for judge Larsen,  in a conspiracy  to cover up the fact that all the defendant had defaulted.   Stamos & trucco  wrote that the plaintiff has sixty days until November

28, 2007 to file an amendment complaint. and attach a 735 ILCS 5/2-622 affidavit.
( See exhibit A) As to the defendant Wilcsynski Kucharski , Cullen and Mufaku,"
Judge Larsen knew that the Plaintiff did not request to amend her complaint, and did
not need to amend her complaint to attach a 735 ILCS 5/ 2-622, Judge Larsen knew
that the plaintiff has already file a sworn statement in lieu of an affidavit on
September 24, 2007. 735 ILCS 5/2-622(e). Judge Larsen Knew that the
defendants motion to dismiss base on 735 ILCS 5/2-622 was with out merit .

87.    Stamos & Trucco LLp   and judge Larsen conspire to cover up the fact that all the
defendants had defaulted. and  Dykema Gossett Law firm that  Represent Jeffery P.
cullen , Stamo& Trucco  Law firm  that Represent –A.mufuk, and Swanson
Martin& Bell- Law firm that  represent Michael Wilcsynski  and Peter c Kuchaski,
all  conspire  against Turner rights Pursuant to 241 to deprive Turner right under
color of law, committing Perjury violating their oath  to uphold the constitution .

88.    Judge Larsen stricken the plaintiff complaint on the same day September 28, 2007,
the defendant attorney present their motion in open court to dismiss, without the
affording the plaintiff an opportunity to be heard.      Several of the defendant had
not even motion for a dismissal. And were grant a dismiss without  having to file
motion for a dismissal.

89.    Stamos & Trucco LLp wrote the Order for judge Larsen to cover up the default
giving themselves and the other defendants  that had default   an additional 28 day
to answer of other wise plead" to the amend complaint.

### JACKSON PARK HOSPITAL ET AL AND  LAW FIRM QUERRE AND HARROW   ARE GRANTED  PRVILEGE  ABOVE THE LAW
(735 ILCS 5/3-106)  (from Ch. 110, par. 3-106)
      Sec. 3-106. Appearance of defendants. In any action to review any final decision of

any administrative agency, the agency shall appear by filing an answer consisting of a record of the proceedings had before it, or a written motion in the cause or a written appearance. All other defendants desiring to appear shall appear by filing a written appearance. Every appearance shall be filed within the time fixed by rule of the Supreme Court, and shall state with particularity an address where service of notices or papers may be made upon the defendant so appearing, or his or her attorney. (Source: P.A. 88-1.)

90.    Querre & Harrow, LTD, that  represent Jackson Park Hospital et al,  appear for the first time in court on October 1, 2007,  as of September 20, 2007, Jackson Park Hospital et al had defaulted and Turner, had file an motion for a default judgment on September 24, 2007,  that Judge Larsen denied without  the defendant or their attorney requesting that the Motion for a default judgment be set side.  Judge Larsen was defending the act as both judge and advocate the defendant and their Attorney,     Querre & Harrow LTD,  had not file an appearance or any motion to show cause why Jackson park had defaulted, Jackson Park Hospital et al did not have to motion for an extension of time because Judge Larsen were acting as both judge and  lawyer for  Querre & Harrow and Jackson Park hospital et al.   No judge is suppose to act as a judge and advocate for either party.  Thid evidence Judge Larsen. Partiality.

91.    Judge Larsen act out side her jurisdiction, thereby violating the Plaintiff constitution rights by, taking a departure from normal procedure and began proceedings with herself as inquisitor and defense lawyer, as opposed to the adversarial method of allowing parties or their attorneys from both sides arguing the case.

92.    On October 1, 2007,  Judge Larsen included Jackson Park Hospital et al  to be part of the decision  in  her order of  September 28, 2008, even though Jackson Park Hospital et al, were not present on September 28, 2007,   had not even filed an Appearance  on September 28, 2007 or , an  Answer or Plead or any kind of motion.  Jackson Park Hospital  has default, and

the Turner file a motion for a default judgment on September 24, 2007 that Judge Larsen ignore
for the benefit of the defendants of their attorneys.

93.    What was interested and disturbing was that on October 1, 2007 Jackson Park
Hospital still had not file an appear nor any kind of motion or document with the court.  **(1)**
Querre Harrow did not have to make any request or motion to Judge Larsen in open court.  It
was apparent their had to been an ex-parte communication between Judge Larsen and Jackson
Park Hospital et al Law firm Querre Harrow, some time before the court hearing on October
1, 2007.   On October 1, 2007, Querre Harrow had not file an appearance on behalf of
Jackson Park Hospital et al.  Jackson Park Hospital et al was in default, Turner has file a
Motion for Default Judgment, affidavit and money judgment etc on September 24, 2007.  .  **(2)**
On October 1, 2007, even though Jackson Park Hospital et al attorney still had not file and
appearance and anwer or plead had not file any documents in the court in case 07L 7806 , Judge
Larsen risk her life time job to Protect Jackson Park Hospital et al and it attorney/ Law Firm
Querre Harrow. And denied Turne equal protection of the law and an impartial judge. Turner
had al ready Motion for default Judgment against Jackson Park Hospital, on September 24, 2007.
**(3)** Then on October 1, 2007 before Jackson Park Hospital et al, /Querre & Harrow LLp had
file an appearance, act a the defender or Jackson Park Hospital et al and step out side her
jurisdiction on October 1, 2007 made and Order that stated," that any technical default are
vacated as to Jackson Park Hospital, Jackson Park Hospital <u>had not</u> filed an appearance or any
motion or document in case 07L 7806. **(4)** On October 1, 2007, Judge Larsen Order, further
state " this court September 28, 2007 Order also applies to Jackson Park Hospital et al." Jackson
Park Hospital had not file and appearance with the court. on either September 28, 2007 or
October 1, 2007. **(5)** On September 28, 2007 Jackson Park was not present. **(6)** . the October1,

2007 Order of Judge Larsen further state that Jackson Park Hospital shall have 28 day to answer or other wise plead after Plaintiff file an amended Complaint. ( Judge Larsen knew that she did not have the jurisdiction to make an order and include Jackson park Hospital in a decision before an appearance was file on Jackson Park Hospital et al behalf. //////////////// Judge Larsen knew that Jackson Park had waive it right to any affirmative action because Jackson Park Hospital had default. Judge Larsen cover up for Jackson Park Hospital et al and their attorneys On October 1, 2007 Jackson Park Hospital had not file an appearance or kind of motion or any documents Yet Judge Larsen exceeded her jurisdiction to protect the interested of Jackson Park hospital et al and the Law firm Querre & Horrow. (4) Judge Larsen order of October 1, 2007 further state that Turner request for emergency protective order and release of medical records is set for hearing on October 18, 2007, this statement was made to cover up that Jackson Park Hospital had defaulted and had fail to timely product the emergency protective and medical records. order and has fail to answer or Plead. And fail to produce the requested medical records. In fact on Turner has request for emergency protective order and release of medical records from Jackson Park Hospital on July 26, 2007,

94.    Turner file a motion for default Judgment with attach affidavit on September 24, 2007. Non of the defendants or their attorney had to file answer or plead to the plaintiff complaint in case 07 L 7806. Because the judge were acting as both judge and attorney for the defendants.

95.    It was apparent that Judge Larsen has taken a bribe . And that Turner was not going to receive a full and fair hearing before Judge Larsen so on October 5, 2007 Turner motion for a Substitution of judge for cause.

WHEREFORE, -

96.    Judge Larsen abuse her authority to violated 735 ILCS 5/2 1301 the defendants did
have to not reply to the default judgment WITHIN 30 DAYS, or ask the court to vacate Turner
Motion for a  Default Judgment, because in violation of the her, oath, judge Larsen,  act
impartial, violating the plaintiff  constitutional rights, by  acting as an  advocate for the
defendants and their attorneys,  granted the Defendants attorneys their untimely motion to
dismiss, to cover up the fact that the defendant had defaulted.

97.    In fact it was on September 24, 2007, when the Plaintiff learn, from the court
computer system that a hearing was set for on September 28, 2007. no notice was given Turner

98.    Judges Larsen had violated Turner 's First Third and or Fourteen Amendment
Rights and due Process Rights and permitted such violation to take place by the Defendants
attorneys. And was bias and prejudice toward the Turner The fact that Judge Larsen order the
defendand Attorneys, Stamos& Trucco LLP, Swanson, Martin & Bell Querrey & Harrow. Ltd
and Dykema Gossett  s   to represent her against Turner's Motion  For Substitution of Judge For
Cause in the same related case 07 L 7806  evidence of Judge Larsen  further partiality

**MOTION FOR SUBSTITUTION OF JUDGE FOR CAUSE.**

99.    Illinois law firmly establishes that once a motion for substitution of judge for cause
is brought, that judge loses all power and authority over the case , and any order entered after a
judge's removal or after an improper denial of such motion are of no force or effect.  *see jiffy
Lube international v. Agarwal, 277 ill. App. Ed 772, 727, 661 N.e.2d 463(1996); People v. bell
276 Ill. App. 3d 939, 946-47, 658 N.E 2d 1372(1995): In Re Marriage of Cummins, 106 Ill app.
3d 44 47, 435 N.E 2d 506 ( 1982)*  Thus, a judge who has been remove from a case for cause has
no jurisdiction to enter enforceable order in that case.  Any attempt by the removed judge to rule
in such a matter is futile rending void all orders entered by that judge after substitution for cause.

100.    Should the judge not have subject matter jurisdiction then the law states that the judge has not only violated the law but is also a trespasser of the law. *Von Kettler et al. v. Jonson, 57 Ill. 109 (1870)* (" if the magistrate has not such jurisdiction, then he/she and those who advise and act with him/her or execute his process are trespassers.") Elliott v. Peirsol. 1 pet. 328, 340, 26 U.S. 328. 340 (1828) ( without authority, it judgment and order are regarded as nullities.  They are not voidabe but simple <u>void</u>; and form no bar to a recovery sought, even prior to a reversal in opposition to them.  They constitute no justification; and all persons concerned in executing such judgment or sentences, are considered in law, as trespasser.  This distinction runs though all the cases on the subject; and it proves that the jurisdiction of any court exercising authority over a subject may be inquired in  every court, when the proceeding of the former are relied on and brought before the latter by the party claiming the benefit of such proceedings.: *In RIP-PA-HANSEnterprises.Inc., 27 B.R. 780, 783 (1983)*  A judge lack jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists" when a judge acts " outside the limits of his/her jurisdiction, he becomes a trespasser.  The court has held that the whole proceeding is coram non judice....( <u>Latin</u> for "not in the presence of a judge," is a <u>legal term</u> typically used to indicate a legal proceeding without a .judge, with improper venue, or without jurisdiction).

101.    Trespasser is defined in Black Law Dictionary ( 6th edition as one who has committed unlawful interference with one's person property or rights.

102.    Judge Larsen did not have jurisdiction when she issue the void Orders on and after October 15, 2007,  and even her orders dated September 28, 2007 and October 1,  2007 are void because of fraud,  and any  judges( Judge O'Brien, Judge Solganick and Judge Maddux and the

attorney/ Law firm Stamos& Trucco LLP, Swanson, Martin & Bell Querrey & Harrow. Ltd and Dykema Gossett who acted on her void order, are as guilty as judge Larsen. .

103. On October 5, 2007, Turner petition for a Change of Judge for Cause as provided for by 735 ILCS 5/2-1001(a)(3) in the Circuit Court. Judge Larsen had demonstrated bias and Prejudice against Turner a self represent litigant, demonstrating that pro-se litigant are not welcome in the Circuit Court. in their division .

104. The parties to the Motion for substitution of judge for cause are Circuit Court Judge Diane J. Larsen. and Turner. A 5/2-1001(a)(3) motion is a new proceeding, but is filed under the caption and case number of the underlying case, It is not a continuation of the underlying case.

105. The Defendants Attorney/ Law firm has Lost standing in the case 07 L 7806 because the defendants attorneys has represent both the judge Diane J. Larsen and the Defendants in the same related case.

106. Therefore The defendants or their attorneys are not a party to Turner Motion for substitution of judge for cause that arise out of 735 ILCS 5/2-1001 (a)(3).

107. The Act 735 ILCS 5/2-1001 (a)(3) states that such proceeding is not a continuation of the original proceeding , Judge Larsen countenancing act without jurisdiction and deciding motion which attack the judge impartiality bias and discrimination, conduct against Pro-se Turner and abusive conduct including the judge continuing acting in contravention of the statue and without lawful authority and jurisdiction .

108. It is well settled law both federal and Illinois, that judge shall not act in a cause where the judge is a party to the action. As Judge Larsen did when she refuse to abide by 735 ILCS 5/2-1001(a)(3).which states, "upon filing of a petition for substitution of judge for cause, a

hearing to determine whether the case exists shall be conducted as soon as possible by a judge other than the judge named in the petition.    Instead of judge Larsen abiding by 735 ILCS 735 5/2-1001 (a)(3) and turning the case over to another Judge on October 15, 2007 Judge Larsen turn the case over to Defendants Attorneys Stamos & Trucco LLP, Querey & Harrow, Ltd, Swanson Martin & Bell and Dykema gossett PLLC,  to represent and defend her against and determine the cause, while she ( judge Larsen preside over the the Motion for Substitution of Judge for cause. and the related case.        and judge Larsen proceed with in case without jurisdiction in violation of 735 IL5/2-1001(A)(3).

109.    In violation of the constitution and the law Judge Larsen  were acting as both judge and defendants in this same case 07 L 7806.

110.    Under Illinois Law , immediately upon the filing of any Motion For Substitution of Judge for cause, the Judge Loses any authority to proceed in the case. until another judge Has beard the motion and either denied the motion or agreed that the judge must be substituted. The defendants attorney has decided the case, in violation of 735 Il5/2-1001(a)(3). Turner file has Motion for Substitution of Judge For Cause on October 5, 2007.

### Judge Diane J. Larsen Acting as Judge and Defendant in Same Related Case

111.    Instead of comply with the law judge Diane Larsen,  Turn the Motion for substitution of judge  over to  the Defendants attorneys Stamos & Trucco LLP, Querey & Horrow,Ltd, Swanson Martin & Bell and Dykema gossett PLLC,

112.    Judge Larsen knew that a Motion for substitution of judge for Cause is between the her and Turner, not the Defendants and their attorneys.

113.    September 28,2007 October 1, 2007 and October 15, 2007  orders are design to sway the a reviewing judge and cover up corruption, and for the benefits of the Defendants attorneys For instance  on September 28, 2007 Stamos 7 Trucco LLP wrote  Judge order  and

included that Turner has been was to amend her complaint and add a 735 ILCS 2-622 affidavit, Turner has already file a 735 ILCS 735 5/2-622 (e) with and affidavit before Stamos has included that in the judge order. Stamos& Trucco was setting the case up for failure. Stamos & Trucco appear to control the court room. and govern the case.   On October 15, 2007 Judge Larsen did not asign the case over to another judge instead proceed with the case without jurisdiction, ( See Exhibit ) convived with the defendants attorneys in ex-parte communication and issue void orders, On November 17, 2007 wrote another void order attempting invoke Jurisdiction back to her, Turner would not respond to the voided order or Judge Larsen jurisdiction.

114.   Judge Larsen Knew that, the motion for Substitution of judge take precedence over the original case. The original case must be halted until the substitution of Judge for Cause Matter is resolved. These Judge Larsen and the defendant attorney Stamos & Trucco LLP, Querey & Horrow,Ltd, Swanson Martin & Bell and Dykema gossett PLLC, dose not abide by the law. They manipulate and twist the law to their benefits.

115.   Given the circumstances at hand it is obvious that Judge Larsen abuse her discretion, violated the constitution and the constitution rights of Turner, for the benefits of and in favor of the defendants and their attorneys appearing before her. (See exhibit) Therefore the Plaintiff bring her suit against Judge Larsen for $500.000.00 in her judicial capacity and $500.000 in her individual Capacity .

The defendant all of them conspire to prevent Turner from pursuing her claim in the circuit Court

116.   Turner file Three appeals in the Appellate Court in hope to obtain justice. Judge Larsen and Judge Solganick intentionally block the appeal process by violating constitution rights. Judge Larsen did not turn the Motion for substitution of judge for cause over to another

judge s a as require by 735 ILCS 5/5-1001. Therefore the Plaintiff bring her suit against Judge Diana J Larsen for $500.000.00 in her Official capacity and $500.00.00 in her individual Capacity .

## Judge Solganick

117.   Judge solganick is a judge within the same law of Judge Larsen and Judge Dooling   Judge Solganick rule against the law and against the constitution violated the supreme court rule 735 5/5-105 (e) to prevent Turner from filing an appeal her case 07 L 7806 in the c

118.   Judge Solganick act outside his jurisdiction and acted in her personal individual capacity, violating her oath of office to act impartial, failing to apply and abide by the law, by denying Turner application to sue because Turner was acting Pro-se, denying Turner application on the merit of the case in violation of 735 ILCS 5/105.5(e), that states " a application shall not be basic on the merit of the case."

119.   Judge Solganick was bias and Prejudice because the Turner was acting Pro-se un-represented by an attorney.   Judge Solganick abuse her discretion with intent deny to obstruct justice and protect Judge Larsen and the Law firms and Jackson Park Hospital et al from accountability.

120.   Turner appeal to the Appellate Court Turner Appeal brief was due on December 27, 2007 before the appeal brief was due Turner has file two other appeal in the same related case 07 L 7806 about constitution violation and the criminal activity she was experiencing in the circuit court. The clerk inform Turner that the record would be ready on December 21, 2007 and that no fee was required, After after reading all of Turner notice of Appeals. Turner was denied the court record and was not allow to make defer payment. On december 21, 2007

judge Solganick inform the clerk that the court records to case 07 L7806 could not be release those court record to Turner,  in fact Turner was denied excess even to review the court Records However Turner was inform her that she had to pay a court a fee . Unable to afford the Court fee, on December 21, 2007 Turner file out another application to sue as an indigent person  and present that application to Judge  Solgamick,  Judge Solganick  determine that he Turner was eligible for the waiver of fee.  But after reviewing the  court records,  and discover that Turner has challenge both Judge Deborha Dooling and Judge Larsen,  Judge Solganick  exceeded his jurisdiction to   punish Turner, Judge Irwin J Solganick violated his oath of office and exceed his jurisdiction to obstruct justice and protect both judge Deborah Dooling and judge Larsen. Judge Irwin J.Solganick  denied Turner application to sue as an indigent person in violation of 735 ILCS 5/5-105 (e) states. "that an application to sue or defend  shall not be determine on the Merit.

121.  In fact 735 ILCS 5/5-105.5, (b) states" on the application of any person before or after the commencement of an action, a court on finding that the applicant is an indigent person, shall grant the applicant leave to sue or defend the action without payment of fees cost and charges of the action

122.  Judge Solganick denied the application  to Prevent accountability , obstruct  an appeal , obstruct justice and due process  and to protect the interested of the judge Dooling and Judge Larsen, Judge  Solganick denied the application to sue as an indigent ,  and inform the clerk not to release the Record.. to turner  in fact the Clerk was instruct not to allow the Turner make defer payment,   Judge Solganick,  knew that an appeal can not go forward without the records on appeal without certification from the court clerk. Judge Solganick  intentionally block the appeal.

119    .  Because Turner has motion for substitution of judge for cause, with allegation of constituional violation    Judge Solganick Abuse his authority failing to report the

Judge Larsen and the Attorneys/ lawfirm    pursuant 18 U.S.C section 4 and 28U.s.c. section 1361. Judge Solganick  elect to  protect both judge Larsen and the defendants attorneys by denying the Turner application on the merit. In violation 735 ILCS 5/5-105.5 (3)    violating Turner constitution Rights  when a judge has violated a person constructional rights the judge has lost jurisdiction in that action he is no longer acting as a judge but is acting in his person  Also when a judge fail to report another judge violation that judge is a guilty as the judge that committed the crime. Therefore the Plaintiff bring her suit against judge  Solganick  for $50.000.00 in his judicial capacity and $50.000 in his individual Capacity  and $ 50.000.00 in his jurisdictional capacity.

**Judge Donald J. O'Brien**

120    **In violation of Rule 8.4(a)(4) of the Illinois rules of professional conduct states' " A Lawyer shall not engage in conduct involving dishonesty fraud deceit or misrepresentation. Involving dishonest fraud deceit or misrepresentation.**

121    **Stamos & Truce LLp, use deceptive Practice conspire  other judges Like Judge Donald J. O'Brien in ex-parte communication, to commit fraud and issue void ordee base on a void order,  a  void stay order in case )7L 7806 to cover up and obstruct justice and due process . Stamos & Trucco  LLp engage the judges and**

122    Stamos & Trucco write the order to sabotage the case  to their own benefits  Judge O'Brien has no standing  to make a order to special Stay Calendar on January 17, 2008 Judge O Brien has not been the judge in any phases of the 07L 7806 case,  in fact Judge Donald O'Brien is from another division of the Circuit Court  does not operat out thf the same Circuit branch wher the case was file and pending,   Turner file her Case )&L 7806 at the Daley Center  50  W Washington Street, Law Division 8 floor.    Judge O'Brien operated out of Circuit Court at 55  W Harrision street in

WHEREFORE,  –

Chicago Illinois.  Turner did not receive any notification that the case was being transfer to Judge O'brien at 555 w Harrison .  That order is a void order of O Brien is a void Order it was obtain by fraud.  In fact No Order is valid until the issue of Substitution of Judge is resolves.

123   . There should be an investigation  of the criminal activity of the attorneys and judge ,willfull participate in intentionly  misconduct. It appear that Stamos& Trucco LLP, Swanson, Martin & Bell Querrey & Harrow. Ltd and Dykema Gossett has their own judge within the circuit court to protect their interested

124

## Judge William  Maddux

123.  Judge Maddux is he chief judge of the Law division, who also engage in issuing ex- parte orders base on ex parte order. in case  07 L 7806. .  Judge Madduxx knew or should have know that of the criminal activity of the judges name in this suit, under his supervision, were operating out of their jurisdiction in their individual person to obstruct justice and accountability .denying Turner protected right under the constitution.

124.  There were a civil right violation being inflicted upon Turner and Judge Maddux who have the power to prevent them  and refuse to take such action  Pursuant to 18 U.S.C chapter 1, section 4, Judge Maddux has a duty under law to report  those  violation committed by the judges and the attorneys of the law firm Stamos& Trucco LLP, Swanson, Martin & Bell Querrey & Harrow. Ltd and Dykema Gossett

125.  Judge Maddux knew or should have know that of the violation of  Judge Dooling

126. Judge Maddux knew or should have know that Judge O'Brien were issuing orders base on voided orders and operating out of his jurisdiction

127. Judge Madduxx knew or should have know that judge Larsen were in violation of both state and federal constitutional rights. Making orders without jurisdiction.

128. Judge Maddux knew or should have known that on  the Judge Larsen did not rescue herself as prescribe by 735 5/2-1001 on October 15, 2007, instead of turning the case over to another judge as require by law, turne the case over the defendant lawyer's Stamos & Trucco LLP, Querey & Horrow,Ltd, Swanson Martin & Bell and Dykema Gossett PLLC,  in the case, and  proceeded with without jurisdiction, making voided order  in case in violation  of  735 5/2-1001,  for the reliance of others.   The Supreme Court states "When a judge enter an order without jurisdiction conferred upon the court , the judge has acted in the judges Personal capacity and not in the judges judicial capacity  acting in a manner that has no lawful authority.

129. Judge Maddux knew or should have know that Stamos & Trucco LLP, Querey & Horrow,Ltd, Swanson Martin & Bell and Dykema gossett PLLC,  were operating as judges in case 07L 7806.

130. Judge Maddux  knew or should have know that  the Supreme court held that a judge wars against the constitution if he or she act  without jurisdiction  he/she engage in treason to the constitution and has not immunity for their action.

131. Judge Maddux knew that Turner make a removal for Cause  to the federal court based in part on discrimination and political affiliation by lawyers and judges name in the lawsuit acting in conspiracy to prevent due process and accountability and to protect the interested of Jackson Park Hospital et al . and several doctors and their attorneys

132.    The invidiously discrimination animus behind the conspirator action as the court records reflect, that an actionable cause is the treatment of Turner as a non –lawyer pro-se litigant as a distinct "class based subject of the Circuit Court of Cook County, where Judges and Lawyer conspire in an action of denial of equal protection of the laws and denial of due process and constitution violation of rights was clearly product of bias and prejudice of the judge operating in the court under the color of the law. See Griffen v. Breckenridge, 403 U.S. 88, 102 (1971), where discrimination a prejudice though the whole process of the State Court case 07 L7806 was contributed to by the continuous and corrupt nature of the process in the State Court with the participation of the apposing counsels, Stamos & Trucco LLP, Querey & Horrow,Ltd, Swanson Martin & Bell and Dykema gossett PLLC, and Judge Larsen, Judge O'Brien, Judge Solganick, and Judge Maddux. And Judge Dooling Who had a duty to prevent such action and fail to do so

A legal Malpractice law suit can only be brought in the circuit court.  On  June 19, 2008 , Turner application to sue as a indigent person was denied,  The Law department judge has sent turner a clear message  that she will never be allow to file any case in the Circuit Court of Cook County Law Division.  On June 19, 2008 Judge Maddux was presiding in room 2005,  is  where are  Litigants instruction take their  application to get the fee  waive after Judge Maddux finish with his court proceeding,  and court was over, The  clerk  took Turner  complaint  and Application  back to the judge chamber, after and half hour the clerk return  the application and complaint with an order, which state  " cannot Maintain action in good faith. In violation of 735 ILCS 5/5-105" (e) that the application shall not  be construed as a ruling on it merits . it is undisputed that  Turner was determine to be eligible to  sue and defend as an indigent person., but denied that application on the merit

WHEREFORE,  –

and in retaliation, after reading the plaintiff complaint.  Even thought Judge Maddux was presiding in room 2005, on  June 19,2007,  the order was had   with Judge Donald J O'Brien  name stamp on the Order  that was strange..  it was obvious that Turner was being  retaliation against and punish .   Again the clerk was instructed not to allow file her case. These judge has no right to denied Turner access to the court. .  So The next day June 20, 2008,  Turner took  her complaint  735 IL  CS 5/13-214.3, petition to  the District Court. because the Circuit Court judge  denied Turner access to the Circuit court.

## IN CONCLUSION

Turner has suffer:

133.  Both the Judges and The Defendant Attorney treated Turner   a distinct "class based subject" of the Court where in denial of equal protection of the laws and denial of due process was clearly the product of bias and prejudices of court U See Griffen v. Bredkenrige 403 U. S. 88 102,  Not <u>one</u> but  <u>Five </u>of  circuit Court of cook county   violated their oath  to constitution  with the Stamos& Trucco LLP, Swanson, Martin & Bell Querrey & Harrow. Ltd and Dykema Gossett    for  their and their client benefit,  breach their fiduciary Duty, impeding and hindering due courts of justice with the intent to prevent due process justice , and accountability obstruct of justice, preventing and blocking right secured under constitution of the united State and the constitution of the state of Illinois  including  impairing access to the court duty denying due process and other constitution violation to prevent and obstruct justice, including denying access to the court and conspire to obstruct justice and  cover up the misconduct of other judges,

134.  The state court judges committed fraud upon the court, obstruction of justice denying the plaintiff rights under the constitution , fraud upon the court makes void order and judgment of that court.  Since judges who do not report the criminal activities of other judges but instead cover –up,  became part of the criminal activity 18 U.S.C 2, 3 & 4.

135.   The judge intentionally and deliberate abuse  of authority, so that the  tier of facts would  loose it way and created a manifest miscarriage of justice, compenstitary-camouflaging bias and prejudice on part of the 5 state judges that violated the due process clause of the constitution.

136.  The defendant lawyer acting in conspiracy with stat actor under color of law have become state actor in this case.  The supreme court has ruled that "private parties', lawyers in this case may behalf to the same standard of state Actor (Judges) where the final and decisive act was carried out in conspiracy with a state actor or state official See *Dennis v. sparks, 449 U.S. 24, 101 S ct., 183*  also  *see Adickes v. S H. kress & Co.,  398 U.S.144, 90 S. ct 1598.*

137.  Turner complaint is based in part on discrimination and politically affiliations by lawyer and lawyer judges Under 42 USCA 1983 & 1985 .  See reversal case *Acevedo-Diaz v. Aponte ( 1993, CAI Puerto Rico 1 F 3d 62 Summary op at ( CAI Puerto Rico) 21 M.L.W. 3212, 14 R.I.L.W.389.*

138.  *Section 1985(3) under title 42* reaches both conspiracies under color of law and conspiracies effectuated though purely private conduct,  in this case Turner has alleged a Class – base, invidiously discriminatory animus is behind the conspirators' action as the court records reflect,  that actionable cause is the treatment of non-lawyer prose litigant as a distinct class based subject" of the Court where in denial of equal protection of the laws and denial of due

process was clearly the product of bias and prejudice of the Court. *See Griffen v. Breckenridge 403 U.s. 88 102 (1971).*

139. The U.S. Supreme court acknowledged in Bray v. Alexandria Women's Health clinic 113 S Ct. 753 (1993), that the e standard announced in Griffen was not restricted to " race" discrimination. It is therefore reasonable to assume that 1985(3) may be used for class- based claim other than race as allege in this case. it is al important to Note in <u>Bray</u> the U.S. Supreme Court's interpretation of the requirement under 1985(3) that a private conspiracy be one for the purpose of depriving .. any person of "class' of persons of the equal protection of the laws or of equal privileges and immunities under the laws, which the court said mandates ' and intent to deprive person of a right guarantee against private impairment.

140. <u>The court have held :</u> "Where a plaintiff plead Pro-e in a suit for protection of civil Rights , the court should endeavor to construe the plaintiff pleading without regard to technicalities. *In Walter Process Equipment v. Food Machinery 382 U.S. 172 (1965). It was held that in a "motion to dismiss', the material allegations of the complaint are taken as admitted"*

141. <u>A complaint is actionable against judges under Title 42 U.S.C. 1985 (3)</u> whose immunity does not extend to conspiracy under color of law section 1985(3) reaches both conspiracies under color of law and conspiracies effectuated through purely private conduct.

Wherefore Quinshela Turner sue and seek $50.000.00 from Judge **Deborba M. Dooling** in her Individual capacity and $50.000 in her official Capacity, $50.000 .00 from **Judge Donald J Obrien** in his individual capacity and $50.000.00 in his official Capacity., $ 50,000.00 from **Judge William D Maddux** in his individual capacity and $50.000 in his official Capacity., $50,000.00 for Judge **Irwin J. Solganick** in his individual and $50.000.00 in his Official Capacity… and $500.000.00 from judge **Diana J. Larsen** in her individual Capacity and $500.000.00 in her Official Capacity. Also sue the Law firm **Querre & Harrow. Ltd**, et al for $100.000.00 ., **Stamos & Trucco LLp**.et al. for $100.000.00 ., **Swanson Marton & Bell**, et. Al. for $100.000.00 ., and **Dykema Gossett PLLC** et al. for $100.000.00 .,

Defendants

Respectfully Submitted

Qdinsheia Turner

**VERIFICATION**

142.  The Undersigned hereby verifies, under penalty of perjury, under the laws of the

**United States of America**, without the "**United States**" (federal government), that the above

statement of facts and laws is true and correct, according to the best of My information,

knowledge,

## EXHIBITS

Exhibit A  Order, .3- Judge Diane J Larsen September 28, 2008, base on Fraud and Order made without affording Turner and Opportunity to respond to the Defendant dismissal. Covering up the Defendants Default., to protect the interested of the Defendant.

Exhibit  B Order Judge Diane J. Larsen October 1, 2007 , basic  on Fraud , cover up, illegal order made for the benefits  Jackson Park Hospital et al, who were in default, had not file and appearance, has no legal rights to any  Special privileges from the Judge.

Exhibit  C  Order Judge Diane J. Larsen  October 15, 2007,  refuse to rescue
        Turn the Motion for Substitution of judge for  Cause over to Defendants Attorney in the same related case.

Exhibit   D Order  Judge Diane J. Larsen   November 29, 2007 Void Order, without jurisdiction  (Motion for Substitution of Judge for  cause has not  be resolved).

Exhibit E,  Order Judge Diane J. Larsen   December17,2007,   void Order made without Jurisdiction

Exhibit F,  Order Judge Diane J. Larsen   December17,2007, void order made without Jurisdiction

Exhibit G,  Order Judge IrwinJ. Solganick,  December 21, 2007, made in violation of 735 ILCS 5/5-105. (3).  To cover up  .

Exhibit H,  Order Judge Donald J. O'Brien,    January, 17, 2008 ,Judge from another Division   made without Jurisdiction  and fraud, and base on void order base on void order..

Exhibit  I,  Order  Judge William D. Maddux.. February 08, 2008 and Order basic on void Order.

Exhibit J,  Order Judge Deborah Mary Dooling  July 26,2007, made without Jurisdiction, and in violation of 735 ILCS5/5-105 (e)



**Order**

CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(1)

Guinchelda Turner

v.

Jackson Park Hospital, et al.

} No. 07 L 7006

### ORDER

This Matter coming to be heard on defendants Michael Wilosynski, M.D., Petro C. Kucharski, M.D., Jeffrey P. Cullen, M.D. and D. Mufaka, M.D.'s Motions to dismiss, pursuant to 735 ILCS 5/2-622, 735 ILCS 5/2-619.1 and 735 ILCS 5/2-615. All parties given due notice and court being fully advised.

IT IS HEREBY ORDERED:

1) Defendants Wilosynski, Kucharski, Cullen and Mufaka's motions are granted.

2) Plaintiff's complaint is dismissed as to defendants Wilosynski, Kucharski, Cullen and Mufaka.

3) Plaintiff has sixty days, until November 28, 2007 to file an amended complaint and a 2-622 affidavit as to defendants Wilosynski, Kucharski, Cullen and Mufaka.

4) Defendants Wilosynski, Kucharski, Cullen and Mufaka have 28 days thereafter, until December 28, 2007

Atty. No.: 18224

Name: James Tracer, LLP

Atty. for: D. Mufaka

Address: Aberdeen Place

City/State/Zip: Chicago, IL 60603

Telephone: _____

ENTERED: to answer or otherwise plead. See pg. 2

Dated: _____

Judge

**ENTERED**
JUDGE DIANE J. LARSEN - 1771
EX A
SEP 28 2007
DOROTHY BROWN
CLERK OF CIRCUIT COURT

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

rder                                           CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Quincshela Turner

v.                           }          No. 07 L 7806

Jackson Park Hospital, et. al.

## ORDER

(5) Plaintiffs Motion for Default noticed for October
1, 2007 is hereby stricken as to defendants
Milczynski, Kilcnarski, Cullen and Mulaka.
(6) This matter is continued to January 7, 2008 at
9:15 AM without further notice.

Atty. No.: 183204

Name: STAMES ITAMCO LLP

Atty. for: Δ Mulaka

Address: 30 N Plural

City/State/Zip: Chicago IL 603

Telephone: 312 1338 7979

**ENTERED:**

Dated: _____

ENTERED
JUDGE DIANE J. LARSEN-1771

SEP 28 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge _____ Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                           CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TURNER

v.                              }  No. 07 L 007806

JACKSON PARK et al

### ORDER

This cause coming before the court on Plaintiff's
Motion for Default the court being fully apprised, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Default is DENIED at this time without Prejudice
2. Defendant Jackson Park is granted leave to file
   its Appearance within 5 days, or by October 5, 2007,
   and any technical defaults are vacated as to
   Jackson Park.
3. This court's September 28, 2007 Order Striking Plaintiff's
   complaint also applies to Jackson Park & Jackson Park
   shall have 28 days to Answer or Otherwise plead after
   Plaintiff files an amended complaint.
4. Plaintiff's Request for Emergency Protective Order & Release
   of Medical Records is set for hearing on October 18, 2007
   @ 11:00 a.m.

Atty. No.: 42797

Name: KESH / PLG

Atty. for: D. CHUEN

Address: 10 S. WATER 2300

City/State/Zip: Chicago IL 60600

Telephone: 312. 677. 2190

ENTERED:

Dated:

**ENTERED**
JUDGE DIANE J. LARSEN-1771
OCT 01 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge                                    Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

attach to 2nd Appeal    Ex 07

Order                                                    CCG N002-300M-2/24/05 (                    )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

P3.1

Quincinella Turner

v.                                        No. 07 L 7806

Jackson Park Hospital, et al.

### ORDER

This matter coming to be heard on the Plaintiff's motion for Substitution of Judge for Cause. All parties given due Notice and the Court being fully advised.

IT IS HEREBY ORDERED:

(1) Defendants have 28 days, until November 12, 2007 to file a written response to Plaintiff's Motion.

(2) Plaintiff has 28 days thereafter, until, December 10, 2007 to file a written reply.

(3) This matter is set for Status on December 17, 2007 at 9:15 Am.

(4) Defendant Jackson Park Hospital produced the medical record of Ms. Turner to the Plaintiff in Open Court. The same was accepted by the plaintiff in Open Court on October 15, 2007. The Plaintiff's ~~emergency~~ Motion for Protective Order and Release set for

Atty. No.: 16334                          **ENTERED:**

Name: STAMOS + TRUCCO LLP

Atty. for: Δ Mutaka

Address: 30 W Monroe #1600

City/State/Zip: Chicago 60603

Telephone: 312 (630-7979)

**Dated:** _____

ENTERED
JUDGE DIANE J. LARSEN-1771

**Judge** _____        DOROTHY ... CLER...        **Judge's No.**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CVC

Order                                                        CCG N002-300M-2/24/05 (

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Quinshela Turner

v.

Jackson Park Hospital, et al

No. 01 L ~~200~~ nd

### ORDER

October 1st, 2007 is entered and continued to
December 17, 2007 at 9:15 A.M. The hearing
date of October 1st, 2007 is stricken.

Atty. No.: 1030-1

Name: Aamir Attar

Atty. for: A. Mullara

Address:

City/State/Zip:

Telephone:

ENTERED:

Dated:

Judge                              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Turner

Plaintiff(s)

v.

Jackson Park Hospital, et al.

Defendant(s)

Case No. __04 1 7806__

Motion Call "_9:30_" Line #: _13_

## MASTER CALENDAR MOTION COURTROOMS CASE MANAGEMENT ORDER
### (Please check off all pertinent paragraphs and circle proper party name.)

(8230) _____ 1. **Category #1 (18 Month Discovery)**          (8232) _____ 1a. **Category #2 (28 Month Discovery)**

(4296) _____ 2. Written discovery & 213(f)(1) and (2) disclosures to be completed by _____ ;

(4218) _____ 3. Oral Discovery & 213(f)(1) and (2) depositions to be completed by _____ ;

(4218) _____ 4. Treating physicians depositions to be completed by _____ ;

(4288) _____ 5. Subpoenas for treating physicians depositions to be issued by _____ ;

(4296) _____ 6. _____ shall complete outstanding written discovery by _____ ;

(4218) _____ 7. _____ shall be presented for deposition by _____ ;

(4206) _____ 8. Plaintiff/Defendant/Add. Party shall answer 213 (f)(3) interrogatories by _____ ;

(4218) _____ 9. Plaintiff's 213(f)(3) witnesses to be deposed by _____ ;

(4218) _____ 10. Defendant's 213(f)(3) witnesses to be deposed by _____ ;

(4218) _____ 11. Additional party's 213(f)(3) witnesses to be deposed by _____ ;

(4619) _✓_ 12. The matter is continued for subsequent Case Management Conference on _Dec 17_
at _9:15_ AM/PM in Room _2203_ for:

(A) ___Proper Service   (B) ___Appearance of Defendants   (C) ___Case Value

(D) ___Pleading Status   (E) ___Discovery Status   (F) ___Pre-Trial/Settlement

(G) ___Other: _____

_____

_____

(4005) _____ 13. Case is dismissed for want of prosecution.(4040) _____ The case is voluntarily dismissed under
735 ILCS 5/2-1009.

## NOTICE:

* Failure of any party to comply with this Case Management Order will be a basis for appropriate sanctions.
* Failure of any party to enforce this Case Management Order will constitute a waiver of such discovery by that party.
* All cases arriving on the Trial Call in Courtroom 2005 must have all discovery in Lines 2 through 11 completed.
* A copy of this order is to be sent to each party by his/her counsel within 10 (ten) days of the initial Case Management Date.

Atty. No.: _42297_

Name: _Dukanna Bossett_

Atty. for: _Defendant Dr. Cullen_

Address: _10 S. Wacker Suite 2300_

City/State/Zip: _Chicago IL 60606_

Telephone: _312-873-1700_

```
ENTERED
JUDGE DIANE J. LARSEN-1771
NOV 29 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK
```

Judge's Stamp

**ENTERED:**

_____
Judge

_____
Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Attach to 2nd Appeal_   _Exhibit_ **D**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

Plaintiff(s) ~~Turk~~                         )
                                              )
                                              )
-vs-                                          )
                                              )        NO:
                                              )        07 L 007806
Defendant(s) ~~Jackson Park Hosp., etal.~~    )

## ORDER

The Court determining that this cause should be transferred to the Presiding Judge of the Law Division for the following purposes (4282-1559):

_____ Assignment to Commercial Calendar

_____ Setting of Trial Date (**__Attorneys certify that all non-opinion and opinion discovery is complete and all depositions of Rule 213(f)(1), (2) and (3) witnesses have been taken or waived in writing__**)

___X___ Other assignment concerns (explain in detail):

Plaintiff's motion for substitution of Judge for Cause

All trial attorneys for the parties are required to appear in Room 2005 on the 17th day of _____, 2005, at 9:30 A.M. for assignment (4315); And Case Management

All cases will be screened for mandatory arbitration, irrespective of prior screenings.

A copy of this Order will be sent to the Presiding Judge of the Law Division by the Judge transferring this case.

ENTER:

Atty. No:
Atty Name: 29558
Atty for: Roxanne Swanson
Address: Wilsynk, Martin & Bell LLP
City: 33 N. Wabash, Suite 3300 Chicago, IL 60611
Telephone: 312-321-9100

JUDGE

ENTERED
JUDGE DIANE J. LARSEN-1771
DEC 17 2007    NO

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

S&T DOCKET

(Ex E)

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

#10

_____

_____ v. _____

No. 07 L 7806 _____

_SON PARK HOSPITAL, et al.

**ORDER**

This Matter coming to be heard on status of Plaintiff's
m Re substitution of Judge. All parties given due
and the Court being fully advised.

IT IS HEREBY ORDERED:

Plaintiff's Motion for Substitution of Judge is transferred
to Judge Maddux instanter.

Plaintiff's Motion for Protective Order + Release directed to
_ Park Hospital is entered and continued until the presiding
is determined.

view of the Court file reveals the Plaintiff did not file an
_ed complaint by 11/20/__. Therefore, Defendants' deadline
_wer or otherwise plead by 12/20/07 is stricken.

_e status of 1/7/08 at 9:15 Am ~~stricken~~ stricken.
_0324 by Judge Maddux _____ Judge who decides
_____ the Plaintiff's Oral _____ Substitution __

**ENTERED:**

JAMOS & TRUCCO LLP

AKUFUKA

30 W MONROE #1600

_/Zip: CHICAGO IL 60603

312-630-7979

Dated: _____

Judge

_ROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**ENTERED**

JUDGE DIANE J. LARSEN-1771

DEC 17 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

(Ex F)
C111

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Quishela Turner
_____
**Plaintiff/Petitioner**

v.

Jackson Park Hosprtac et ae
_____
**Defendant/Respondent**

No. ___07 L 7806___

Calendar _____

### ORDER

This matter coming before the Court on an Application and Affidavit to Sue or Defend as an Indigent Person, the Court being fully advised in the premises, **IT IS HEREBY ORDERED;**

Pursuant to Supreme Court Rule 298 and 735 ILCS 5/5-105:

☐ The applicant is permitted to sue or defend without payment or fees, costs or charges. The applicant may be ordered to pay any portion of the waived fees or costs out of a settlement or judgment resulting from this action.

☒ The application is denied for the following reason(s): _Plaintiff Cannot Represent deceaseds_ _Husbands estate in Pro Se - Needs an attorney_ _____

☐ Payment shall be: ☐ made by _____ OR ☐ deferred until _____ OR ☐ other _____
                              (date)                                    (date)

**ENTERED:**

Dated: _____

_____
**Judge**                        **Judge's No.**

ENTERED
JUDGE IRWIN J. SOLGANICK - 0239
DEC 21 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

( Ex G )

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

(Rev. 6/9/99) CCL 0527

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT/LAW DIVISION

Turner

Jackson Pare Hospital, et al

No. 07 L 7806

## ORDER TO SPECIAL STAY CALENDAR

The Court determining that this cause should be placed on an appropriate Law Division Stay Calendar, due notice given, IT IS HEREBY ORDERED:

This matter is placed on the following Law Division Stay Calendar:

☑ Appellate Calendar
4854

☐ Bankruptcy Calendar
4853

☐ Insurance/Stay Calendar
4852

☐ Military Calendar
4851

☐ Other:
(          )

All motions to remove a case from a Stay Calendar must be brought in Courtroom 2005 irrespective the judge who originally transferred the case to the Stay Calendar. The Presiding Judge or a judge sitting her stead in Courtroom 2005 upon removing a case from a Stay Calendar must then have the case numbered pursuant to Circuit Court General Order 6.2(c).

This matter shall return to room 2005 promptly upon receiving the Mandates from the Appellate Court to report the Case disposition.

No.: 18324

re: STAMOS & TRUCCO LLP

rney for: A. Mufuka

ess: 30 W Monroe

Zip: Chicago 60603

hone: 312-630-7979

ENTERED:

Judge

ENTERED
JUDGE DONALD J. O'BRIEN, JR. -0273

JAN 17 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

No.

EXHIBIT (Ex H)

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

Q. Turner )
)
v )
) No. 07 L 7806
Jackson Park Hospital, )
et. al. )

**ORDER**

This cause coming to be heard pursuant to;

☐ A Mandate of the Appellate / Supreme Court remanding this matter to the Circuit Court of Cook County.

☑ The Court's determination that this matter should be removed from the ___Appellate Stay___ calendar.

IT IS HEREBY ORDERED that the Clerk of the Circuit Court is directed to administratively renumber this cause pursuant to Circuit Court General Order 6.2(c), no fee being required. (4099 / 4800)

No. 08 L 1443

This cause having been renumbered pursuant to the above order ; (9800)

☐ IT IS HEREBY ORDERED this case is released into the Black Line (8350) Pool of Cases for trial assignment.

☐ IT IS HEREBY ORDERED this case is placed into the Black Line Pool at # _____.

☐ IT IS HEREBY ORDERED this case is set for trial on (4305) _____ at 9:30 a.m. in Room 2005.

☑ IT IS HEREBY ORDERED this case is set for status on (4315) ___trial status 3/11/08___ at 9:30 a.m. in Room 2005.

☐ IT IS HEREBY ORDERED this case is assigned / returned to (8213 / ) Judge _____, Calendar_____, pursuant to a random or prior random computer assignment.

Other_____

Name: Stamos + Trucco, LLP     ENTER:
Atty. No: A Mufuka, MD
Atty. For: 18324
Address: 30 W Monroe
City: Chicago
Telephone: 312-630-7979     JUDGE

**ENTERED**
JUDGE WILLIAM D. MADDUX · 1559
FEB 08 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL
DEPUTY CLERK

Ex I

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

Order to Sue or Defend as an Indigent Person

(7/16/04) CCG 0689 C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Quinshela Turner*
_____
**Plaintiff/Petitioner**

v.

*Jackson Park Hospital et al*
_____
**Defendant/Respondent**

No. _____

Calendar _____

## ORDER

This matter coming before the Court on an Application and Affidavit to Sue or Defend as an Indigent Person, the Court being fully advised in the premises, IT IS HEREBY ORDERED;

Pursuant to Supreme Court Rule 298 and 735 ILCS 5/5-105:

☐ The applicant is permitted to sue or defend without payment of fees, costs or charges. The applicant may be ordered to pay any portion of the waived fees or costs out of a settlement or judgment resulting from this action.

☒ The application is denied for the following reason(s): *because petitioner can not represented deceased spouse*
_____

☐ Payment shall be: ☐ made by _____ OR ☐ deferred until _____ OR ☐ other _____
                            (date)                              (date)

**ENTERED** JUDGE DEBORAH MARY DOOLING-1591

JUL 26 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL.
DEPUTY CLERK_____

**ENTERED:**

Dated: _____

_____
Judge                          Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## CERTIFICATE OF MAILING

I Quinshela Turner  certify that I had place a copy of the above in the
Unites States mail on  July 25, 2008.

To:     Dykema Gossetti                     Swanson Martin & Bell
        10 S. Wacker Dr. Ste. 2300          1860 W. Winchester, ste 201
        Chicago Il 60606                    Liberty ville Il 60048

        Stamos & Trucco                     Querre & Harrow, Ltd
30 W. Monroe, suite 1600                    175 West Jackson Boulevard Suite 1600
        Chicago Illinois 60603              Chicago Illinois 60604

                        Quinshela Turner
                        8051 So. Dorchester
                        Chicago Illinois  60619